MEMORANDUM **
Maria Becerra De Herrera appeals from the district court’s order affirming the Commissioner’s decision to deny her social *773 security disability benefits. She argues that the ALJ made four errors in determining that she was not disabled. We find De Herrera’s arguments unpersuasive and we affirm the judgment of the district court.
De Herrera begins by arguing that the ALJ erred in rejecting the opinion of Nurse Practitioner David Glass. Under the regulations, nurse practitioners are considered “other sources,” 20 C.F.R. § 404.1513(d)(1), not “acceptable medical sources,” id. § 404.1518(a). As a result, the ALJ could reject Glass’s opinion for “reasons that are germane to [Glass].”[1] Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993).
In rejecting Glass’s testimony, the ALJ explained that Glass’s opinion had been rejected by two reviewing physicians, that Glass’s opinion ran contrary to the weight of the evidence, that Glass’s opinion of complete disability was undermined by the fact that treatment seemed to improve De Herrera’s condition, and that Glass’s opinion was based on De Herrera’s subjective complaints. Each of the ALJ’s reasons is “germane to [Glass],” and is therefore sufficient to reject Glass’s testimony.
Next, De Herrera argues that the ALJ erred in partially rejecting the opinion of Dr. Bencomo. Dr. Bencomo diagnosed De Herrera with pain disorder due to medical and psychological factors and an adjustment disorder with depressed mood secondary to pain. [ER 233.] He indicated that De Herrera had a good or fair ability to deal with most aspects of a work environment, but concluded that De Herrera had only a fair to poor ability to deal with work stresses. [ER 234.] The ALJ found “Dr. Bencomo’s opinions persuasive, but [did] not assign[ ] controlling weight to [Dr. Bencomo’s] opinion regarding the claimant’s ability to deal with work stress because it appealed] that he based his opinion at least in part upon the claimant’s subjective complaints of pain related to her physical impairments.” [ER 10.]
The record indicates that Dr. Bencomo relied more heavily on De Herrera’s complaints than “his own observations” in making his diagnosis. Ryan v. Comm’r of Soc. Sec., 528 F.3d 1194, 1200 (9th Cir.2008). Dr. Bencomo opined that it was De Herrera’s pain, rather than her “depressed mood and anxiety,” that was the “main source of [her] functional limitations.” [ER 233.] And Dr. Bencomo’s own report indicates that his understanding of De Herrera’s level of pain was based primarily on her subjective complaints. [ER 232.] As a result, the ALJ was “free to disregard Dr. [Bencomo’s] opinion,” Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001), so long as De Herrera’s complaints with respect to her pain were “properly discounted as incredible,” Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir.2008); see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995) (“[A]n opinion of disability premised to a large extent upon the claimant’s own accounts of [her] symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted.”). As we explain below, the ALJ properly discounted De Herrera’s testimony, and was therefore free to disregard Dr. Bencomo’s opinion.
We think the ALJ adequately explained his reasons for rejecting De Herrera’s testimony. First, the ALJ noted that De Herrera’s testimony was not supported by objective medical evidence. We agree. Nothing in the medical record evidence *774 supports De Herrera’s testimony that at the time of the hearing she could sit and stand for only one half-hour at a time. Second, the record supports the ALJ’s statement that this testimony was contradicted by De Herrera’s earlier report to a doctor that she could stand for four hours. Third, the ALJ observed that De Herrera’s condition improved with treatment, and favorable responses to treatment can undermine a claimant’s complaints of debilitating pain. See Tommasetti, 533 F.3d at 1040. Finally, the ALJ relied “in significant part” on her husband’s reports regarding De Herrera’s daily activities. The husband said that De Herrera continued to get her daughter ready for school, prepare simple meals every third day, drive for a short time, shop, sew, attend church every other week, and spend time with other people. As the ALJ concluded, De Herrera’s activities significantly undercut her claim that she is completely disabled.
Lastly, De Herrera argues that the ALJ erred in determining De Herrera’s residual functional capacity. The ALJ’s determination was based on an examining doctor’s findings, with additional limitations. Even if not every limitation the ALJ identified was directly supported by the record, the addition of more limitations than the evidence warranted was harmless error. See Stout v. Comm’r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir.2006) (“We have ... affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant .... ”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Social Security Ruling 06-03p is not to the contrary. Although the Ruling discusses the importance of other sources’ testimony in establishing disability, nowhere does it purport to overrule the regulations' classification of nurse practitioners as "other sources.”